UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JASON SMITH,<br><br>         Plaintiff,<br><br>    -against-<br><br>JIMMY GUTIERRES, et al.,<br><br>         Defendants. | 21-CV-6086 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that on September 27, 2018, Defendants Jimmy Gutierres, Christopher Gordan, and Kevin Officer – three officers from the New York City Police Department – violated his constitutional rights. By order dated August 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Guiterres, Gordan, and Viola through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to issues summonses for Guiterres, Gordan, and Viola, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: August 13, 2021
       New York, New York

_____
RONNIE ABRAMS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Jimmy Gutierres
   NYPD Officer, Shield No. 27000
   32nd Precinct
   250 West 135th Street
   New York, NY 10030

2. Christopher Gordan
   NYPD Officer, Shield No. 14137
   32nd Precinct
   250 West 135th Street
   New York, NY 10030

3. Kevin Viola
   NYPD Officer, Shield No. 18818
   32nd Precinct
   250 West 135th Street
   New York, NY 10030