UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JASON M. SMITH,

      Plaintiff,      No. 21-CV- 6086 (RA)(OTW)

   -against-        **ORDER**

JIMMY GUTIERRES, et al.,

      Defendants.
----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court held an in-person status conference on August 9, 2022, at which *pro se* Plaintiff failed to appear. At the conference, defense counsel indicated that Plaintiff still had not provided his initial disclosures.

Following the initial pretrial conference on February 10, 2022, the Court ordered the parties to complete all fact discovery by June 10, 2022. (ECF 24). On April 29, 2022, Defendants submitted a joint status letter indicating that they had not received Plaintiff's initial disclosures, but that Plaintiff represented he would serve them in the month of May. (ECF 30). Plaintiff represented by email to Defendants that he would do so by June 10, 2022, but did not. (ECF 34). As a result, the Court extended discovery again to September 12, 2022. (ECF 35). Nearly two months after the first Court-ordered deadline for all fact discovery, Plaintiff still has not provided his initial disclosures. Accordingly, due to Plaintiff's failure to participate in discovery, Plaintiff is now directed to provide defendants his initial disclosures **FORTHWITH**, and file a letter on the docket by **September 1, 2022** indicating that he has done so. **Plaintiff's failure to**

**provide initial disclosures may result in a recommendation that the case be dismissed for failure to prosecute**.

As already stated in the Court's July 1, 2022 Order, courts have the power, under Rule 41, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute. *See Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This obligation applies equally to plaintiffs proceeding on a *pro se* basis. *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2–3 (S.D.N.Y. Aug. 31, 2017). A Plaintiff's refusal to meet discovery obligations weighs in favor of dismissal. *See Watkins v. Marchese*, No. 13 CIV. 3267 GBD SN, 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015).

Defense counsel is directed to serve a copy of this Order on *pro se* Plaintiff and file proof of service on the docket.

**SO ORDERED.**

Dated: New York, New York  
      August 16, 2022

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge