UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON M. SMITH,

        Plaintiff,

    -against-

JIMMY GUTIERRES, et al.,

        Defendants.

------------------------------------------------------------x

21-CV- 6086 (RA) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

  The Court is in receipt of (1) Carol Smith's ("Ms. Smith") motion to substitute at ECF 78;

(2) Defendants' response in opposition at ECF 81; and (3) Ms. Smith's affirmation at ECF 93,

which the Court interprets as her reply to Defendants' opposition.

  Federal Rule of Civil Procedure 25 governs the substitution of a party in the event of a

party's death.[1] In their response to Ms. Smith's motion to substitute, Defendants do not

dispute that Ms. Smith's motion was timely under Federal Rule of Civil Procedure 25(a)(1), or

---

[1] Rule 25(a) reads, in relevant part:

  (a) Death.

    (1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished,
    the court may order substitution of the proper party. A motion for substitution may be made by
    any party or by the decedent's successor or representative. If the motion is not made within 90
    days after service of a statement noting the death, the action by or against the decedent must be
    dismissed.

    (2) *Continuation Among the Remaining Parties*. After a party's death, if the right sought to be
    enforced survives only to or against the remaining parties, the action does not abate, but
    proceeds in favor of or against the remaining parties. The death should be noted on the record.

    (3) *Service*. A motion to substitute, together with a notice of hearing, must be served on the
    parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death
    must be served in the same manner. Service may be made in any judicial district.

that Plaintiff's claims are not extinguished. (ECF 81 at 1-2). Defendants contend, however, that

Ms. Smith is not a "proper party" under Rule 25(a)(1) because: (1) Ms. Smith has not provided

evidence that she is related to Plaintiff or that she is a "distributee" of his estate; (2) Ms. Smith

has not shown that she is lawfully designated by New York State to represent Plaintiff's estate;

and (3) Ms. Smith has not shown that Plaintiff's estate has been distributed. *Id.* at 2-3.

On July 31, 2024, the Court directed Ms. Smith to file on the docket a reply, in the form

of a letter no more than three single-spaced pages in length, that specifically addresses each of

the three deficiencies identified by Defendants and outlined above. (ECF 88). On October 24,

2024, Ms. Smith filed a two-page affirmation which does not appear to address all three

deficiencies identified by Defendants. Ms. Smith's affirmation also refers to certain exhibits as

"attached in support," but which were not included with her filing.

Given that Ms. Smith is currently without counsel, the Court will provide her one final

opportunity to address the deficiencies identified by Defendants. Accordingly, Ms. Smith is

directed to file on the docket by **November 25, 2024,** a letter no more than three-single spaced

pages (not including any attached exhibits) that answers the two following questions:

1. **Is Ms. Smith a distributee or a legal representative of Plaintiff's estate?** Ms. Smith

   must <u>show</u> she is either a "distributee," as defined by New York law, or a "legal

   representative" of Plaintiff's estate:

   a. <u>Is Ms. Smith a "distributee" of Plaintiff's estate?</u> In other words, can Ms. Smith

      show that she is entitled to take or share in the property of Plaintiff's estate?

      *See*, N.Y. EPTL §§ 1-2.5, 4-1.1(a)(4); *Todd v. A Team Sec., Inc.*, 20-CV-1568, 2021

      WL 11636881, at *5 (S.D.N.Y. Sept. 9, 2021). Ms. Smith must provide proof that

she is Plaintiff's legal mother, and, if so, she must demonstrate <u>how</u> she is

entitled to share in Plaintiff's estate, because New York intestacy laws (i.e., laws

governing how to distribute an estate when an individual dies without a will)

provide that a surviving parent only stands to take or share in the estate if there

are **no living spouses or children**. N.Y. EPTL § 4-1.1(a)(4).

b. <u>Is Ms. Smith "lawfully designated" to serve as a representative of Plaintiff's</u>

<u>estate?</u> If Ms. Smith is not a "distributee" of Plaintiff's estate, then she must be

a lawfully designated representative of Plaintiff's estate. *Biatiu v. Specialized*

*Loan Servicing LLC*, 19-CV-822 (RA), 2019 WL 5448702, at *2 (S.D.N.Y. Oct. 24,

2019). If Ms. Smith can show she is lawfully designated, she must show that she

has or will retain counsel, because an administrator of an estate may <u>not</u>

proceed *pro se* when an estate has beneficiaries other than the litigant (i.e.,

Plaintiff's son).[2] *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

---

[2] The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

"[T]he administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *see also Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019). But when the estate has beneficiaries or creditors other than the litigant, the "action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." *Iannaccone*, 142 F.3d at 559; *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.").

In Ms. Smith's affidavit, she states that Plaintiff has a son. (ECF 93 ¶¶ 3, 8). Ms. Smith is currently proceeding *pro se*. If Ms. Smith is a lawfully designated representative of Plaintiff's estate, and Plaintiff's son is a beneficiary of that estate, then she cannot continue to proceed *pro se* because she would necessarily be representing the interests of a someone other than herself.

2. **<u>Has Plaintiff's estate been distributed?</u>** If Ms. Smith can show she is a distributee or a legal representative of Plaintiff's estate by fulfilling 1.a. or 1.b. above, she still must show that Plaintiff's estate was <u>legally distributed</u> before the motion for substitution was made. *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986). Where an unmarried individual dies without a will and is survived by a child, the entirety of their estate (i.e., all of their belongings) must be distributed to the child. N.Y. EPTL § 4-1.1(a)(3). Because Ms. Smith states in her affirmation that neither she nor Plaintiff's child's mother initiated proceedings in Surrogates Court, (ECF 93 ¶¶ 7, 8), Ms. Smith must show that the entirety of Plaintiff's estate (i.e., all of his belongings) was distributed to his son after death without being filed for probate.

Ms. Smith is encouraged to attach copies of supporting documents as evidence. These documents will not count towards the three-page limit.

Counsel for Defendants is directed to serve a copy of this Order on Carol Smith at 410 St. Nicholas Ave, Apt 7C, New York, NY 10027, and file proof of service on the docket.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: November 12, 2024                **Ona T. Wang**
New York, New York                United States Magistrate Judge

4