UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASON M. SMITH,                                           :
                                                          :
                         Plaintiff,        :        21-CV-6086 (RA) (OTW)
                                                          :
          -against-                                :        **OPINION & ORDER**
                                                          :
                                                          :
JIMMY GUTIERRES, et al.,                                  :
                         Defendants.       :
                                                          :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Jason M. Smith's ("Plaintiff") mother, Carol Smith ("Ms. Smith"), seeking to substitute herself as Plaintiff pursuant to Rule 25(a) because Plaintiff is deceased. (ECF 78). For the following reasons, Ms. Smith's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff, now deceased, brought this action against N.Y.P.D. Officers Jimmy Gutierres, Christopher Gordon, and Kevin Viola (collectively, "Defendants") on July 14, 2021, alleging Defendants violated his constitutional rights in connection with a physical altercation that took place on September 27, 2018. (ECF 2). On November 7, 2023, as part of her motion to substitute, Ms. Smith informed the Court that Plaintiff died intestate on July 9, 2023. (ECF 78). By Ms. Smith's own words, this lawsuit may be the only remaining asset in Plaintiff's estate. (*Id.*).[1]

---

[1] In Ms. Smith's motion, she attests that after Plaintiff's death, she collected "his belongings, including his birth certificate, social security card, papers, his medication, art supplies, clothing, pots, and dishes." (ECF 78).

Defendants filed their opposition to Ms. Smith's motion to substitute on November 21, 2023. (ECF 81). Ms. Smith then filed a response that did not address the alleged deficiencies raised by Defendants, (ECF 93), so, given Ms. Smith's *pro se* status, I directed her to file by November 25, 2024, another three-page letter that directly addresses the issues of (1) whether Ms. Smith is a distributee or legal representative of Plaintiff's estate and (2) whether Plaintiff's estate has been distributed. (ECF 94). Ms. Smith then filed her reply on November 11, 2024. (ECF 96).

II. DISCUSSION

Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished," the party's successor or representative may make a motion to substitute as Plaintiff. "To satisfy Rule 25(a)(1), (1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." *CFS 12 Funding LLC v. Wiesen*, 21-CV-9711 (PKC), 2022 WL 17581703, at *1 (S.D.N.Y. Dec. 12, 2022) (quoting *Biatiu v. Specialized Loan Servicing LLC*, 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019)). Defendants do not contest elements (1) and (2), but assert that Plaintiff is not a "proper party" under Rule 25(a)(1). (*See* ECF 81).

Rule 25(a)(1) does not define the term "proper party." *CFS 12 Funding LLC*, 2022 WL 17581703, at *2. Generally, there are three categories of persons that may qualify as a proper party under Rule 25(a)(1): (1) a representative of the deceased party's estate; (2) the primary beneficiary of an already distributed estate; or (3) the primary beneficiary of an estate where there is no will and the estate has not been and need not be probated. *Id. See also Biatiu*, 2019 WL 5448702, at *2; *Tankleff v. Cnty. Of Suffolk*, 09-CV-1207 (JS) (AYS), 2016 WL 3162059, at *2

2

(E.D.N.Y. June 2, 2016). A state court's determination of a deceased party's successor or representative is helpful but not necessarily dispositive when determining the proper party for substitution. *CFS 12 Funding LLC*, 2022 WL 17581703, at *2. *See also U.S. Bank Nat'l Ass'n as Tr. For RMAC Tr., Series 2016-CTT v. Sager*, 19-CV-2229 (GRB) (ARL), 2022 WL 4392668, at *3 (E.D.N.Y. Sept. 23, 2022). While Courts are afforded discretion to allow substitution under Rule 25(a)(1), the moving party must still put forth sufficient facts to demonstrate why they are the proper party to substitute. *CFS 12 Funding LLC*, 2022 WL 17581703, at *3.

Ms. Smith does not qualify as a proper party under categories (1) or (2). First, Defendants argue, and Ms. Smith does not contest, that Ms. Smith is not a representative of Plaintiff's estate. (ECF 81, 96). The term "representative" is defined by New York law to mean a "person lawfully designated by state authority to represent the deceased's estate." *Roe v. City of New York*, 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003). Ms. Smith has put forth no evidence to suggest that she is lawfully designated to represent Plaintiff's estate. Second, Ms. Smith is not the primary beneficiary of an already distributed estate. Defendants argue that Plaintiff's estate was not distributed, and Ms. Smith admits that Plaintiff's estate was not distributed through probate proceedings, and that nobody is likely to initiate such proceedings. (ECF 96 at 4).

Thus, Ms. Smith's motion to substitute relies on whether she falls into category (3) as a "primary beneficiary" of Plaintiff's unprobated estate. We again look to New York law to determine the meaning of "primary beneficiary," which sets forth:

> The property of a decedent not disposed of by will shall be distributed as provided in this section… Distribution shall then be as follows:

3

> (a) If a decedent is survived by:
>
> …
>
> (3) Issue and no spouse, the whole to the issue, by representation.
>
> (4) One or both parents, and no spouse and no issue, the whole to the surviving parent or parents.
>
> ….

N.Y. Est. Powers & Trusts § 4-1.1.

Here, Ms. Smith states in her motion that Plaintiff died intestate and was not married, but is survived by his 16-year-old son. (ECF 78). Under § 4-1.1(a)(4) of New York's intestacy laws, Plaintiff's estate is to be entirely distributed to his son. While Ms. Smith collected Plaintiff's belongings after his death, (ECF 78), and still likely retains these belongings to this day, that does not make her the primary beneficiary of Plaintiff's estate for the purposes of this motion to substitute.

For these reasons, the Court finds that Ms. Smith is not a "proper party" for substitution under Fed. R. Civ. P. 25(a). As it stands, the only "proper party" in existence is Plaintiff's minor son, who may only "appear" in this action if he is: (1) represented by his mother as his legal guardian <u>and</u> she is represented by counsel on his behalf,[2] or (2) represented in his personal capacity by an attorney (i.e., acting as a *guardian ad litem*).

### III. CONCLUSION

For the reasons stated above, Ms. Smith's motion to substitute as successor of Plaintiff in this action is **DENIED.**

---

[2] Per Ms. Smith's reply, Plaintiff's son's mother, Ms. Livingston, has no intention of seeking substitution. (ECF 96, ¶ 9).

Because Plaintiff's son may be the sole remaining "proper party" in existence, concurrent with this Order the Court will enter a separate order directing the Pro Se Office of this Court to seek a full scope representation counsel for Plaintiff's minor son and stay this case for a period of forty-five (45) days, or until counsel is secured for Plaintiff's minor son, whichever comes first.

Counsel for Defendants is directed to serve a copy of this Order on Carol Smith at 410 St. Nicholas Ave, Apt 7C, New York, NY 10027, and file proof of service on the docket.

Ms. Smith is directed to serve a copy of this Order on Plaintiff's son and his mother, Ms. Selena Livingston.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: December 17, 2024  **Ona T. Wang**
New York, New York  United States Magistrate Judge