UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASON M. SMITH,

                        Plaintiff,                       21-CV-6086 (RA) (OTW)

           -against-                          **ORDER REQUESTING PRO BONO COUNSEL**

JIMMY GUTIERRES, et al.,

                        Defendants.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff, now deceased, brought this action against N.Y.P.D. Officers Jimmy Gutierres, Christopher Gordon, and Kevin Viola (collectively, "Defendants") on July 14, 2021, alleging Defendants violated his constitutional rights in connection with a physical altercation that took place on September 27, 2018. (ECF 2). On November 7, 2023, as part of her motion to substitute, Ms. Smith informed the Court that Plaintiff died intestate on July 9, 2023. (ECF 78). Defendants filed their opposition to Ms. Smith's motion to substitute on November 21, 2023. (ECF 81). Ms. Smith filed her reply on November 11, 2024. (ECF 96).

On December 17, 2024, I denied Ms. Smith's motion to substitute because she is not a proper party under Fed. R. Civ. P. 25(a)(1).[1] As part of the December 17 order, I also found that the only person that could qualify as a "proper party" for substitution is Plaintiff's 16-year-old son who, because of his status as a minor, must be represented by counsel.

---

[1] Specifically, I found: (1) Ms. Smith is not a representative of Plaintiff's estate, and (2) Ms. Smith is not a primary beneficiary of Plaintiff's probated or unprobated estate because Plaintiff is survived by his son, and under New York's intestacy laws, Plaintiff's son stands to take all of Plaintiff's estate and is thus the only primary beneficiary. *See* N.Y. Est. Powers & Trusts § 4-1.1.

Courts have broad discretion when deciding whether to seek *pro bono* representation for a civil litigant. *Hodge v. Police Officers*, 902 F.2d 58, 60 (2d Cir. 1986). It is appropriate to appoint *pro bono* counsel where, as here, a case involves the rights of a minor because minors "are entitled to trained legal assistance so their rights may be fully protected and nonlawyer parents are not trained to represent competently the interests of their children." *Sandoval v. Abbott House*, 24-CV-502 (AS), 2024 WL 871216, at *1 (S.D.N.Y. Feb. 29, 2024) (internal quotations omitted). Because this action ultimately involves the interests of Plaintiff's minor child and must be brought by an attorney, the Court will request that counsel appear for the full scope of representation before this Court.

Now, the Office of Pro Se Litigation is respectfully directed to attempt to locate a full scope *pro bono* attorney to represent Plaintiff's minor son in this case. Further, this case is hereby **STAYED** for a period of forty-five (45) days, or until counsel is secured for Plaintiff's minor son, whichever comes first.

Counsel for Defendants is directed to serve a copy of this Order on Carol Smith at 410 St. Nicholas Ave, Apt 7C, New York, NY 10027, and file proof of service on the docket. Ms. Smith is directed to serve a copy of this Order on Plaintiff's son and his mother, Ms. Selena Livingston.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: December 17, 2024
New York, New York

**Ona T. Wang**
United States Magistrate Judge