**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

JASON M. SMITH,                                      :
                                                                         :
                                    Plaintiff,              :          21-CV-6086 (RA)(OTW)
                                                                         :
                                    -against-               :          **OPINION AND ORDER**
                                                                         :
JIMMY GUTIERRES, et al.,                         :
                                                                         :
                                    Defendants.           :
                                                                         :
                                                                         :
-------------------------------------------------------------x

       **ONA T. WANG**, **United States Magistrate Judge**:

**I.        INTRODUCTION**

       Plaintiff Jason Smith, now deceased, brought this action against N.Y.P.D. Officers Jimmy

Gutierres, Christopher Gordon, and Kevin Viola (collectively, "Defendants") on July 14, 2021,

alleging Defendants violated his constitutional rights in connection with a physical altercation

that took place on September 27, 2018. (ECF 2). On November 7, 2023, as part of her motion to

substitute, Ms. Carol Smith, mother of the Plaintiff, informed the Court that Plaintiff died

intestate on July 9, 2023. (ECF 78). By Ms. Smith's own words, this lawsuit may be the only

remaining asset in Plaintiff's estate. *Id.*

       On December 17, 2024, I denied a motion filed by Plaintiff's mother, Carol Smith, to

substitute herself as Plaintiff in this action pursuant to Rule 25(a). (ECF 97). Recognizing that

Plaintiff's son may be the sole remaining "proper party" in existence that could substitute for

Plaintiff in this action, I issued a separate order on December 17, 2024, directing the Pro Se

Office of this Court to seek a full scope representation counsel for Plaintiff's minor son. (ECF

98). On January 15, 2025, Susanne Toes Keane filed a Notice of Limited Appearance on behalf of Selina Livingston, the mother and legal guardian of Plaintiff's minor son. (ECF 101).

On July 2, 2025, upon motion by Ms. Livingston, the Court substituted Ms. Livingston as Plaintiff in this action on behalf of her minor child, J.M.S. (ECF 110). From there, the parties continued to engage in good faith settlement negotiations. Following a confidential settlement conference call before this Court on May 7, 2025, (*see* ECF 103), the parties informed the court that they had reached a settlement in principle for a total award of $2,500. A copy of the settlement agreement was provided to the Court with this motion. (*See* ECF 113, Ex. A). Ms. Livingston has opened an account in trust for J.M.S. and reports to understand her duties with respect to the funds she will receive on his behalf. *Id.* at 3.

Parties filed a notice, consent, and reference of a dispositive motion to a Magistrate Judge that was signed by Judge Abrams on October 10, 2025, consenting to my ruling on this motion by Opinion and Order.

Accordingly, the motion to approve the infant compromise order is **GRANTED.**

II.    **DISCUSSION**

In the Southern District of New York, settlement or termination of any action "by or on behalf of an infant" must be first approved by a court. *See* S.D.N.Y. Local Civil R. 83.2(a)(1). In determining whether an infant compromise should be approved, the reviewing court "shall conform as nearly as may be, to the New York State statutes and rules," (Local Civil R. 83.2(a)(1)), although the Local Rules do not impose "rigid" procedural obligations on federal district courts. *See D.J. ex rel. Roberts v. City of New York*, 11-CV-5458 (JGK) (DF), 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), *rep. and rec. adopted sub nom. Roberts v. City of New*

*York*, 11-CV-5458 (JGK), 2012 WL 5429521 (S.D.N.Y. 2012) (citing *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 655 (2d Cir. 1999)). In accordance with the applicable New York statutes and rules, courts in this district must determine: (1) whether the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) whether the proposed settlement, including any legal fees and expenses to be paid, as part of the proposal, are fair and reasonable. *Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010). In so doing, the court must reach an "an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated," and "form an educated estimate of the complexity, expense, and likely duration of such litigation [] and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Newman v. Stein,* 464 F.2d 689, 692 (2d Cir. 1972) (collecting cases) (internal quotation marks omitted), *cert. denied,* 409 U.S. 1039 (1972).

### A. The Settlement Is Fair, Reasonable, and in J.M.S.'s Best Interests

Ultimately, the purpose of the infant compromise proceeding is to ensure that the proposed settlement is "fair and reasonable and in the infant plaintiff's best interests." *Martegani*, 687 F. Supp. 2d at 377 (quoting *Edionwe v. Hussain*, 777 N.Y.S. 2d 520, 522 (2d Dep't 2004). There is no bright-line test to make this determination. *Campbell v. City of New York*, 15-CV-2088 (PAE), 2015 WL 7019831, at *2 (S.D.N.Y. 2015). *See also Newman*, 464 F.2d at 692 (2d Cir. 1972) (explaining that the multifactorial analysis regarding "the propriety of [] settlement . . . is a "delicate one").

There is "a strong presumption that a settlement is fair and reasonable" where: (1) the parties reached settlement after arm's length negotiation; (2) counsel is experienced in similar

cases; and (3) there has been "sufficient discovery to enable counsel to act intelligently." *I.M. by Hartmann v. DiCostanzo*, 16-CV-07608 (LJL), 2020 WL 1330241, at *3 (S.D.N.Y. 2020) (citing *Campbell*, 2015 WL 7019831, at *2 (collecting cases)). *See also T.H. v. New York City Dep't of Educ.*, 99 F. Supp. 3d 394, 397 (S.D.N.Y. 2015). The Court may also consider the complexity, expense, and likely duration of litigation, and "the risks of establishing both liability and damages." *D.J. ex rel. Roberts,* 2012 WL 5431034, at *3 (citing *City of Detroit v. Grinned Corp.,* 495 F.2d 448, 463 (2d Cir. 1974)). "Finally, courts afford significant deference to a guardian's view that the settlement reached is fair and reasonable to the infant." *Campbell*, 2015 WL 7019831, at *2 (collecting cases).

The Court finds that the terms of the proposed infant compromise order are fair, reasonable, and in J.M.S.'s best interests in accordance with the standards in this district. First, there is no evidence of collusion in this case; rather, the settlement was reached after arm's length negotiation, some of which took place before this Court and at the SDNY Mediation Program. (*See* ECF Nos. 52, 56, 58, 102, 103).

Furthermore, the Court finds that the terms of the compromise are adequate in light of the complexity, risks, expenses, duration, and likely rewards of litigation. *See D.J. ex rel. Roberts,* 2012 WL 5431034, at *3. Here, there is not insignificant risk for Plaintiffs in proceeding to trial because Section 1983 claims require a finding of "deliberate indifference" as opposed to mere negligence, and such cases can "rarely be predicted with certainty." *Orlander v. McKnight*, 12-CV-4745 (HBP), 2013 WL 4400537, at *5 (S.D.N.Y. Aug. 15, 2013). Proceeding to trial also poses a risk considering Mr. Smith's passing. Finally, the Court gives substantial deference to

Ms. Livingston's affidavit attesting to her understanding of these risks, and her belief that she has acted in the best interest of J.M.S. throughout the settlement process. (ECF 113 at 3).

Based on the foregoing, the Court finds the settlement is fair, reasonable, and in the best interests of J.M.S. and the infant compromise is **GRANTED.**

The Clerk of the Court is respectfully directed to close ECF 113.

**SO ORDERED.**

 

| | |
|---|---|
| | *s/Ona T. Wang* |
| Dated: November 21, 2025 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |